UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EMEM UFOT UDOH,                                    Case No. 21-CV-1031 (PJS/HB)

              Petitioner,

v.                                                                    ORDER

CLERK OF THE MINNESOTA
APPELLATE COURTS, OFFICE OF THE
MINNESOTA APPELLATE COURTS, and
OFFICE OF THE CLERK OF THE
APPELLATE COURTS,

              Respondents.

Petitioner Emem Ufot Udoh, a state prisoner and serial litigant, filed this federal action against the Minnesota Court of Appeals because it would not accept an untimely brief from him. This matter is before the Court on Udoh's objection to the April 23, 2021 Report and Recommendation ("R&R") of Magistrate Judge Hildy Bowbeer. ECF No. 5. Judge Bowbeer recommends denying Udoh's petition for a writ of mandamus and denying Udoh's application to proceed *in forma pauperis*. ECF No. 4. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Udoh's objection and adopts Judge Bowbeer's R&R.

I.

Udoh filed this action as a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361. Udoh seeks an order compelling the Minnesota Court of Appeals to accept an untimely brief that he attempted to file in connection with his state-court post-conviction proceedings. But as Judge Bowbeer explained, a court may only issue a writ of mandamus under § 1361 to compel a *federal* officer, employee, or agency to perform a duty owed, and all of the respondents in this case are *state* actors. ECF No. 4 at 1. Judge Bowbeer further explained that even if Udoh had sought a writ of mandamus under a statute applicable to non-federal actors, "federal courts 'have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties.'" *Id.* (quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (citation and quotation marks omitted)).

Udoh does not object to Judge Bowbeer's conclusion that this Court is without authority to grant his petition under § 1361. Udoh instead claims that he "mistakenly" filed this action pursuant to § 1361 and that he really intended to seek relief pursuant to the All Writs Act, 28 U.S.C. § 1651, and pursuant to 42 U.S.C. § 1983 based on respondents' alleged violation of his constitutional right of access to the courts.[1]

---

[1] Udoh's objection to the R&R asserts that he intended to file this action under § 1983, but does not identify the constitutional right that respondents allegedly violated. ECF No. 5. Udoh explains in his motion for miscellaneous relief and his motion to alter,
(continued...)

However, "[a] party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge." *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006). Accordingly, Udoh's new legal theories are not properly before the Court, and his objection to the R&R is overruled.

Even if Udoh had properly requested relief pursuant to 28 U.S.C. § 1651 and 42 U.S.C. § 1983, the Court would still dismiss this action because Udoh cannot state a claim to relief under either statute. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Udoh cannot obtain a writ of mandamus pursuant to § 1651 because, as Judge Bowbeer explained, this Court has no authority to issue a writ of mandamus telling a state court how it must perform its judicial duties.[2] Moreover, Udoh cannot obtain injunctive relief under § 1983 because state courts—including the Minnesota Court of Appeals and the various

---

[1](...continued)
amend, or supplement the pleadings, however, that he is alleging First and Fourteenth Amendment violations based on deprivation of access to the Minnesota Court of Appeals. ECF Nos. 8, 12.

[2]*See Middlebrooks v. Thirteenth Jud. Dist. Cir. Ct.*, 323 F.2d 485, 486 (8th Cir. 1963) (per curiam); *see also In re Trammell*, 725 F. App'x 193, 194 (3d Cir. 2018) (per curiam) (citing *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) ("[W]e cannot, as a general rule . . . use our power to . . . interfere with state court litigation, thus exceeding our jurisdiction"); *Demos v. U.S. Dist. Ct. for E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991) (stating that federal courts "lack[] jurisdiction to issue a writ of mandamus to a state court"); *Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) ("[A] federal court lacks the general power to issue writs of mandamus to direct state courts . . . in the performance of their duties where mandamus is the only relief sought.")).

offices of that court that Udoh purports to name in this lawsuit—"are protected by state immunity under the [E]leventh [A]mendment." *Harris v. Mo. Ct. of Appeals*, 787 F.2d 427, 429 (8th Cir. 1986); *see also Cassell v. Cnty. of Ramsey*, No. 10-CV-4981 (JRT/TNL), 2012 WL 928242, at *3 (D. Minn. Mar. 19, 2012) (holding that Eleventh Amendment barred § 1983 action against state-court administration and state-court program), *aff'd*, 490 F. App'x 842 (8th Cir. 2012).

To the extent that Udoh intends to separately allege a § 1983 claim for prospective injunctive relief against the Clerk of the Minnesota Appellate Courts in her official capacity, such a claim would not be barred by the Eleventh Amendment.[3] For the reasons described below, however, the Court lacks subject-matter jurisdiction to issue an injunction ordering the Clerk to reopen Udoh's state-court appeal. Accordingly, the court overrules Udoh's objection and agrees with Judge Bowbeer that this matter should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[3]*See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996) (noting that, pursuant to *Ex parte Young*, 209 U.S. 123 (1908), federal jurisdiction exists over claims seeking prospective injunctive relief against state officials); *see also Maness v. Dist. Ct., Logan Cnty.–N. Div.*, 495 F.3d 943, 944 (8th Cir. 2007) (per curiam) (holding that state-court clerk was not entitled to judicial immunity based on alleged failure to file appeal and present IFP application to judge).

II.

Several weeks after the R&R was issued, Udoh filed a motion to alter, amend, or supplement his pleadings. ECF No. 12. Udoh attached to that motion a proposed amended complaint naming AnnMarie S. O'Neill, Clerk of the Minnesota Appellate Courts, as the sole defendant. ECF No. 12-1. Udoh seeks damages from O'Neill in her individual capacity and declaratory and injunctive relief against O'Neill in her official capacity based on O'Neill's failure to accept and file Udoh's untimely brief.[4] *Id.* at 4–5. Because Udoh has the right to amend his complaint once as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B), his motion is granted. However, like Udoh's petition for a writ of mandamus, Udoh's amended complaint must be dismissed at the screening stage because it fails to state a claim upon which relief may be granted.

Udoh's amended complaint seeks an order from this Court directing the Clerk of the Minnesota Court of Appeals to reopen his appeal from the decision of the Hennepin

---

[4] Udoh's proposed amended complaint appears to be a photocopy of a pleading that Udoh recently filed in another case—*Udoh v. Janssen*, 21-CV-0099 (WMW/LIB) (D. Minn. Apr. 2, 2021)—with some alterations. For example, Udoh has crossed out the name of the respondent in that case (Warden Vicki Janssen) and substituted AnnMarie O'Neill, Clerk of the Minnesota Appellate Courts. As a result, Udoh includes several allegations that are clearly inapplicable in this case, given that O'Neill is the sole named defendant in the amended complaint. *See, e.g.*, ECF No. 12-1 at 12 (asserting a "liberty interest" in remaining at a medium-security prison); *id.* at 12, 15 (alleging claims based on conditions of confinement); *id.* at 11–27 (alleging lack of meaningful access to prison law library); *id.* at 17, 25 (alleging inability to comply with briefing requirements in proceedings before the Board of Immigration Appeals). The Court has not considered those allegations here.

County District Court to deny his petition for post-conviction relief. Udoh initiated post-conviction proceedings after a jury found him guilty of sexually abusing his two stepdaughters. ECF No. 1 at 3. In an order dated June 15, 2018, the district court granted Udoh's request for an evidentiary hearing based on his claim that his stepdaughters had recanted their trial testimony, but denied relief on all other claims. *Id.* Udoh immediately appealed the court's June 15 order, but the Minnesota Court of Appeals dismissed Udoh's appeal as premature. *Id.* On February 5, 2019, the district court issued a second order denying relief on Udoh's sole remaining claim. *Id.* at 4. Udoh timely filed a notice of appeal, but on the notice he included the file number of the premature appeal that had earlier been dismissed, leading the Clerk to reject his filing. *Id.* After Udoh petitioned the Minnesota Court of Appeals to direct the Clerk to accept his appeal, the court issued an order explaining the confusion with the case number, accepting jurisdiction over Udoh's appeal, and directing Udoh to file his opening brief within 60 days of delivery of the final transcript. *Id.* at 4, 6.

Almost eight months later, on March 23, 2020, the Minnesota Court of Appeals dismissed Udoh's appeal because Udoh had not filed an opening brief by the deadline set by the court. *Id.* at 8. Udoh filed a motion to reinstate the appeal, and the Minnesota Court of Appeals denied that motion on May 19, 2020. *Id.* Udoh attempted to appeal the March 23 dismissal, but the Minnesota Supreme Court denied the petition for

review as untimely. *Id.* at 8–9. Udoh now argues that the Clerk's failure to accept and file his late brief violates his constitutional right of access to the courts under the First and Fourteenth Amendments.

As this procedural history of Udoh's post-conviction proceedings makes clear, the present action is essentially an appeal of a state-court order "masked as a § 1983 action." *Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011). Under the *Rooker-Feldman* doctrine, federal district courts lack subject-matter jurisdiction over cases like this one, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Robins*, 631 F.3d at 927 (noting the "United States Supreme Court's exclusive jurisdiction to reverse or modify state-court judgments under 28 U.S.C. § 1257"). The Minnesota Court of Appeals dismissed Udoh's petition for review, then denied Udoh's motion to reinstate the appeal, because Udoh did not comply with a deadline set by that court. If Udoh wishes to have that result overturned by a federal court, he must obtain review from the Supreme Court of the United States. This Court has no authority—through a writ of mandamus, a federal civil rights action, or otherwise—to "overturn" the decision of the Minnesota Court of Appeals to dismiss Udoh's petition for review.

In addition to seeking declaratory and injunctive relief, Udoh's amended complaint also seeks compensatory and punitive damages from O'Neill in her personal capacity. ECF No. 12-1 at 4. To the extent that Udoh is asserting a "challenge [to] the actions taken by [O'Neill] . . . rather than the state court orders themselves," Udoh's claim is within this Court's jurisdiction to consider. *Caldwell v. DeWoskin*, 831 F.3d 1005, 1009 (8th Cir. 2016). But Udoh's claim for damages nonetheless fails on the merits because O'Neill's refusal to file Udoh's untimely brief did not deprive Udoh of his right of access to the courts under the First or Fourteenth Amendments, as he alleges. O'Neill's rejection of Udoh's brief was due entirely to his failure to meet the deadline set by the court. Even if O'Neill made a mistake in enforcing the deadline—and there is no reason to believe that she did—Udoh had the right to ask the Minnesota Court of Appeals, the Minnesota Supreme Court, and the United States Supreme Court to fix that mistake. No one deprived Udoh of his right of "access" to the state courts. *See Snyder v. Nolen*, 380 F.3d 279, 292 (7th Cir. 2004) (Easterbrook, J., concurring) ("litigants have 'access' to the court when there are avenues to correct mistakes"); *see also Maness v. Dist. Ct., Logan Cnty.–N. Div.*, 495 F.3d 943, 945 (8th Cir. 2007) (per curiam) ("[W]e agree with Judge Easterbrook's reasoning in *Snyder v. Nolen*, and find that Maness has not stated a claim for violation of his right to access to the courts."). Accordingly, Udoh's

amended complaint is dismissed for failure to state a claim upon which relief may be granted.[5]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 5] and ADOPTS the R&R [ECF No. 4]. IT IS HEREBY ORDERED THAT:

1. Petitioner Emem Udoh's petition for a writ of mandamus [ECF No. 1] and application to proceed *in forma pauperis* [ECF No. 2] are DENIED.

2. Udoh's motion for miscellaneous relief [ECF No. 8] is DENIED.

3. Udoh's motion to alter, amend, or supplement the pleadings [ECF No. 12] is GRANTED and the amended complaint [ECF No. 12-1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 20, 2021
    s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge

---

[5] Udoh has also filed a motion for miscellaneous relief. ECF No. 8. Because the motion merely elaborates on his request for relief under § 1983, that motion is denied.